Martínez, Appellant, *v*. Registrar of San Germán, Respondent.

Appeal from a Decision of the Registrar of Property Refusing to Record a Renunciation of Inheritance.

No. 359.—Decided July 9, 1918.

Record of Title—Agent—Renunciation of Inheritance—Construction of Law.—Subdivision 2 of section 1362 of the Civil Code, which provides that an agent cannot acquire by purchase, even at public or judicial auction, either in person or by an agent, the property whose administration or sale may have been entrusted to him, is not applicable to the present case. As a result of her renunciation of the inheritance in the name of her principal the agent may be called to share in the renounced inheritance; but, as it does not appear that such acquisition would be by purchase, the incapacity established by the said section cannot affect the agent, because an indispensable requirement is lacking, since, according to the rules of construction universally adopted, the provision contained in subdivision 2 of the

said section cannot be extended, even by analogy, to include persons and cases not covered by it.

The facts are stated in the opinion.

*Mr. Benito Forés y Marazo* for the appellant.

The respondent did not appear.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On September 7, 1917, the District Court of Mayagüez entered an order declaring the heirs of Gabriela Ortiz Gregory, who died on March 24, 1917, to be her half-sister Elvira Ortiz y Ortiz, her brother Francisco Esteban, her sisters Soledad Leticia, Dominga Constanza and Carmen Ramona Ortiz y Gregory, and her surviving husband, Juan Bautista Martínez, as to the corresponding usufruct.

By public instrument No. 105, executed before Notary Benito Forés y Morazo in San Germán on April 12, 1918, Soledad Ortiz y Gregory, acting in representation of her sister Carmen Ortiz y Gregory under a power of attorney executed in the city of New York on March 5, 1917, and containing a clause authorizing her to accept and reject inheritance and legacies, renounced the inheritance to which her principal might be entitled as one of the heirs of her deceased sister Gabriela Ortiz y Gregory, whose estate had not been liquidated nor divided.

The order designating the heirs of Gabriela Ortiz y Gregory was presented in the Registry of Property for record with relation to property No. 64 Carro Street, San Germán, together with the instrument of renunciation of the inheritance of April 13, 1918, and the registrar, by his decision of May 2, recorded the same as to the interests acquired by Elvira Ortiz y Ortiz, Francisco Esteban, Soledad Leticia and Dominga Constanza Ortiz y Gregory and by the surviving husband, Juan Bautista Ortiz, by virtue of the death of Gabriela Ortiz Gregory, as prayed for, but refused to record the renunciation of the part of the estate of Gabriela Ortiz Gregory made by her sister Soledad Leticia Ortiz Gregory as the

representative of her other sister Carmen Ramona in deed No. 105 of April 13 before Notary Benito Forés y Morazo which contains a copy of the power of attorney, because the renun·ciation of inheritance amounts to an alienation and it is sought to record the title of the principle in the name of her brother and sisters, among whom is included the attorney in fact, this being contrary to the provisions of paragraph 2 of section 1362 of the Revised Civil Code.

The statute relied on by the registrar is not applicable to the case.

The pertinent part of the said section reads as follows:

"Sec. 1362.—The following persons can not acquire by purchase, even at public or judicial auction, neither in person nor by an agent:

"1. * * *.

"2. Agents, the property the administration or sale of which may have been entrusted to them."

As a consequence of the renunciation made by attorney in fact Soledad Ortiz y Gregory in the name of her principal, Carmen Ortiz Gregory, the former may be called upon to participate in the property so renounced, but as it does not appear that the acquisition was made by purchase, an indispensable element is lacking to affect the agent with the incapacity established by the said statute.

According to the generally settled rules of interpretation, the provision contained in subdivision 2 of section 1362 can not be extended, even by analogy, to apply to persons and cases not included therein. See the decision of the General Directorate of Registries of Spain of September 1, 1897.

The decision appealed from should be reversed and the registrar ordered to make the record denied.

*Reversed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.